

**U.S. Department of Justice**

**Scott C. Blader**
**United States Attorney**
**Western District of Wisconsin**

Telephone 608/264-5158
TTY 608/264-5006
Administrative Facsimile 608/264-5183
Civil Division Facsimile 608/264-5724
Criminal Division Facsimile 608/264-5054

*Address:*
222 West Washington Avenue
Suite 700
Madison, Wisconsin 53703

November 22, 2019

Christopher T. Van Wagner S.C.
110 E. Main Street
Suite 705
Madison, WI 53703

      Re:    *United States v. Ursula Wing*
              Case No. 19-CR-84-JDP

Dear Mr. Van Wagner:

      This is the proposed plea agreement between the defendant and the United States in this case.

      1.    The defendant agrees to plead guilty to Count 1 of the indictment in this case. This count charges a violation of 18 U.S.C. § 371, which carries maximum penalties of five years in prison, a $250,000 fine, a 3-year period of supervised release, a $100 special assessment and the entry of an appropriate restitution order. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional term of imprisonment pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing. The defendant understands that the Court will enter an order pursuant to 18 U.S.C. § 3013 requiring the immediate payment of the special assessment. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment as ordered by the Court.

      2.    The defendant acknowledges, by pleading guilty, that she is giving up the following rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel--and if necessary have the Court appoint counsel--at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

      3.    The defendant acknowledges, after consultation with her attorney, that she fully understands the extent of her rights to appeal the conviction and sentence in

November 22, 2019
Page 2

this case. By her signature below, the defendant knowingly and voluntarily waives all rights, including those conferred by 18 U.S.C. § 3742, to appeal her conviction and any sentence of imprisonment, including any issues with respect to the calculation of the advisory sentencing guideline range or the reasonableness of the sentence imposed.

4. The defendant understands that upon conviction, if she is not a United States citizen, she may be removed from the United States, denied citizenship, and denied future admission to the United States. The defendant nevertheless affirms that she wants to plead guilty regardless of any removal and immigration consequences that this plea may entail, even if the consequence is automatic removal from the United States.

5. The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that both of the following conditions are met: (a) the criminal conduct relates to the conduct described in the indictment; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report. The United States also agrees to move to dismiss the remaining counts of the indictment at the time of sentencing.

6. The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, give the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement, and the defendant's efforts to make the agreed-upon immediate restitution payments. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct which is unknown to the United States and is inconsistent with acceptance of responsibility, or if she engages in any conduct between the date of this plea agreement and the sentencing hearing which is inconsistent with acceptance of responsibility. This recommendation is contingent on the defendant signing this plea letter on or before January ~~17~~ 21, 2020. *EVW*

7. The defendant agrees to pay restitution for all losses relating to the offense of conviction and all losses covered by the same course of conduct or common scheme or plan as the offense of conviction. The exact restitution figure will be agreed upon by

November 22, 2019
Page 3

the parties prior to sentencing or, if the parties are unable to agree upon a specific figure, restitution will be determined by the Court at sentencing. The defendant further agrees that the full amount of restitution is due and payable immediately.

8. The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 21 U.S.C. § 334(d)(3) and 28 U.S.C. § 2461(c), whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees. The assets to be forfeited include: (1) all quantities of misbranded drugs distributed by the defendant via the Macrobiotic Stoner website, as evidenced by her PayPal and Square deposits; (2) Apple iPhone, IMEI 35379008172337; and (3) Apple MacBook Pro, Serial Nos. C2Q5P05HGP4J. The defendant agrees that as a result of her acts or omissions, the forfeitable misbranded drugs distributed by the defendant are no longer available for forfeiture, as they cannot be located or have been transferred or sold or deposited with a third party. As the misbranded drugs are no longer available to seize or destroy, the defendant agrees the government can seek substitute assets. As a result, the defendant agrees to the entry of a judgment forfeiting to the United States the sum of $61,753.00, which represents the cost of the misbranded drugs. The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have that the forfeiture constitutes an excessive fine. The defendant agrees to pay the $61,753 in full on or before the date of sentencing.

9. Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the court make a determination that the government has established the cost of the misbranded drugs is at least $61,753.00, and enter an order of forfeiture. Pursuant to Rule 32.2(b)(3), the defendant agrees that the order of forfeiture shall be final as to the defendant at the time it is entered, notwithstanding the requirement that it be made a part of the sentence and be included in the judgment.

10. The defendant further agrees that these misbranded drugs meet the conditions set forth in 21 U.S.C. § 853(p)(1), and that the United States may seek an order from the Court for the forfeiture of any other property of the defendant (substitute assets), up to $61,753.00 in order to satisfy the money judgment. This Court shall retain jurisdiction to settle any issues arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

11. The defendant agrees to take whatever steps are necessary to pass clear title to the United States of any assets sought to satisfy the money judgment. These steps include, but are not limited to, the surrender of title, the signing of a consent

November 22, 2019
Page 4

decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

12. Defendant further agrees to take all steps necessary to locate property which could be used to satisfy the money judgment and to pass title to the United States before the defendant's sentencing. To that end, defendant agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, as described above wherever located. The defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control and those which are held or controlled by a nominee.

13. Forfeiture of the defendant's assets shall not be treated as full satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

14. In the event of an appeal by either party, the United States reserves the right to make arguments in support of or in opposition to the sentence imposed by the Court.

15. The defendant understands that the sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussion between defense counsel and the United States.

16. If your understanding of our agreement conforms with mine as set out above, would you and the defendant please sign this letter and return it to me. By her signature below, the defendant acknowledges her understanding that the United States has made no promises or guarantees regarding the sentence which will be imposed. The defendant also acknowledges her understanding that the Court is not required to accept any recommendations which may be made by the United States and that the Court can impose any sentence up to and including the maximum penalties set out above.

17. By your signatures below, you and the defendant also acknowledge that this is the only plea agreement in this case. All prior versions are null and void.

18. All plea agreements must be approved by the United States Attorney or his designee. This plea proposal has not yet been approved. Consequently, I have not signed this proposed plea agreement and the final acceptance is conditioned upon supervisory approval. If you have any questions or need any additional information, please feel free to contact me.

November 22, 2019
Page 5

Very truly yours,

SCOTT C. BLADER
United States Attorney

By: _____
DANIEL J. GRABER
Assistant United States Attorney

2/18/20
Date

_____   1/21/2020
CHRISTOPHER T. VAN WAGNER   Date
Attorney for the Defendant
#1024461

_____   1/21/2020
URSULA WING                 Date
Defendant